MDR

WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Johann Alexander Bass,

                Plaintiff,

v.

Arizona Motor Vehicle Division, et al.,

                Defendants.

No.    CV-24-02380-PHX-JAT (JFM)

**ORDER**

    Self-represented Plaintiff Johann Alexander Bass, who is proceeding in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983, was confined in the Greene Correctional Facility in Coxsackie, New York, when he filed this action, but has since been released.  In a January 29, 2025 Order, the Court, among other things, dismissed Plaintiff's Complaint because he had failed to state a claim and gave him an opportunity to file an amended complaint that cured the deficiencies the Court identified.

    Plaintiff then filed a First Amended Complaint (Doc. 11) and, subsequently, a letter (Doc. 12) seeking the status of this action.  The Court will grant the letter to the extent this Order provides him with the status of this action,[1] dismiss the First Amended Complaint with leave to amend, and give Plaintiff an opportunity to (1) file a second

---

[1] Although the Court has addressed Plaintiff's letter, Plaintiff should be aware that it is improper for a party to communicate by mailing a letter directly to the Clerk of Court, the judge, or any court personnel.  Any request for action by the Court must be in the form of a motion that complies with the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules). Any future letters directed to the Clerk of Court, the judge, or any court personnel will be stricken from the record and returned to Plaintiff.

amended complaint curing the deficiencies identified in the Order and (2) either pay the balance of the filing fee or file a <u>non</u>-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs.

## I.      Filing Fee

When the Court granted Plaintiff leave to proceed in forma pauperis and assessed the statutory filing fee, the Court cautioned Plaintiff that, in the event of his release, he would be required to pay the balance of the filing fee within 120 days or file a <u>non</u>-prisoner application to proceed in forma pauperis.

On June 3, 2025, Plaintiff filed a Notice of Change of Address indicating he is no longer in custody.  Plaintiff still owes the entire $350.00 filing fee.

The Court will give Plaintiff 60 days from the date this Order is filed to either pay the filing fee or file a <u>non</u>-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs, using the form included with this Order.  If the Court grants the <u>non</u>-prisoner Application to Proceed, Plaintiff will not be required to pay the filing fee.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

. . . .

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, with leave to amend because it may possibly be amended to state a claim.

## III. First Amended Complaint

In his First Amended Complaint,[2] Plaintiff sues two individuals employed by the Arizona Motor Vehicle Division (MVD): Commercial Driver's License Information System (CDLIS) Administrator/MVD Agent John Doe 1 and Legal Compliance/MVD Agent John Doe 2 in their individual and official capacities. Plaintiff makes the following allegations.

. . . .

---

[2] Plaintiff's First Amended Complaint contains improperly capitalized words. The Court, when quoting the First Amended Complaint, has corrected these without specifically noting them.

After being stopped by the South Dakota Department of Public Safety while driving a semi-truck in May 2021, Plaintiff pleaded guilty to "ingestion"; "all charges that referred to driving drunk, high or intoxicated were dismissed"; and he was sentenced to probation. He was told the conviction would not affect his Commercial Driver's License (CDL). The state court did not enter an order affecting his CDL, and, according to Plaintiff, the conviction "does not constitute . . . a felony in a Commercial Motor Vehicle" under South Dakota law. However, Plaintiff subsequently received a letter from the South Dakota Department of Public Safety stating his CDL "had been withdrawn for committing a felony using a commercial/motor vehicle."

Plaintiff attempted to get an administrative hearing in South Dakota, but he did not receive one. He contacted MVD and requested a hearing but was told that "because the situation happened in South Dakota, []MVD could not help him." He claims Arizona law requires notice and an opportunity to be heard, but he "never received any kind of notice" from MVD and "was not given a hearing," even though he timely requested one.[3]

After filing a 2023 civil rights lawsuit in the United States District Court for the Central District of South Dakota, Plaintiff wrote letters to MVD "requesting copies of his records pertaining to the disqualification/withdrawal of his CDL." He never received the documents because, according to Plaintiff, MVD "has a policy of not providing records to those in custody until they are within 90 days of their release." A judge in the Central District of South Dakota denied Plaintiff's motion to subpoena those records, but Plaintiff later obtained, through family members, his "driver records" from MVD. The records "contained the South Dakota court case number but had Arizona Revised Statu[t]es in the violation information."

In July 2024, Plaintiff wrote to MVD and the Arizona Attorney General's Office, requesting "the incorrectly reported violation be removed from his records because he did not violate any laws in either state that required his CDL to be withdrawn or disqualified."

---

[3] Plaintiff claims he received a document from MVD "with a caption indicating administrative hearing procedures were dismissed due to the incident having occurred in South Dakota."

The Arizona Attorney General's Office recommended Plaintiff "submit the Complaint to the South Dakota [Department of Public Safety]."

According to Plaintiff, his driver's license record lists two Arizona statutes in the "Violation information" section—Arizona Revised Statutes sections 28-3306 and 28-3312.[4] He claims, however, that his South Dakota conviction does not meet the criteria in these statutes for disqualifying, suspending, or revoking his CDL.

Plaintiff contends Defendant John Doe 1 violated his due process rights by (1) "not comparing the information from the South Dakota conviction to Arizona law[,] as required by [sections 28-3306(A)(7) and 28-3312] to verify the statutory elements for disqualification"; (2) "entering a disqualification of [his] CDL in []MVD records and SPEXS, which is CDLIS"[5] without sufficient evidence; and (3) denying Plaintiff "notice and [an] opportunity to be heard."

Plaintiff alleges Defendant John Doe 2 violated his due process rights by "directing and/or approving the disqualification of [Plaintiff's] CDL" because Defendant John Doe 2 was "responsible for making sure the disqualification . . . complied with state and federal laws prior to its entry" into MVD records and SPEXS/CDLIS.

Plaintiff also invokes the Court's supplemental jurisdiction, raising state law claims. Plaintiff contends Defendant John Doe 1 breached the duty of care he owed to Plaintiff to (1) compare information from the South Dakota conviction to Arizona law, (2) verify the statutory elements for disqualification, (3) not enter a disqualification of Plaintiff's CDL into DMV records and SPEXS/CDLIS without sufficient evidence, and (4) provide

---

[4] Arizona Revised Statutes section 28-3306 identifies when MVD may suspend or revoke a driver's license "[o]n receipt of satisfactory evidence of a violation of a driver license restriction," requires MVD to immediately notifying the licensee in writing when their license is suspended or revoked, and, if the individual requests a hearing, requires MVD to set a hearing within 60 days. Arizona Revised Statutes section 28-3312 identifies when MVD must disqualify a person from driving a commercial motor vehicle.

[5] The State Pointer Exchange Services (SPEXS) is a web application that "allows authorized jurisdictional users to access SPEXS reports" and "provides analytical data covering a variety of categories for the Commercial Driver[']s License Information System (CDLIS) and State to State Verification Service." *See* https://www.aamva.org/technology/systems/driver-licensing-systems/spexs-web-ui-reporting-portal [https://perma.cc/B3P5-V8EZ].

Plaintiff notice and an opportunity to be heard.  Plaintiff contends Defendant John Doe 2 breached the duty of care he owed Plaintiff to make sure the disqualification complied with state and federal laws before its entry into MVD records and SPEXS/CDLIS.

Plaintiff seeks monetary damages; his filing fees, attorney's fees, and court costs; and an order directing Defendants to remove the "the crime" from Plaintiff's MVD records, SPEXS/CDLIS, "and any other state and federal commercial and non[-]commercial driver[']s license records."

## IV.    Discussion

### A.    Federal Claims

A suit against a defendant in his or her *individual* capacity seeks to impose personal liability upon the official.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  By comparison, a suit against a defendant in his or her *official* capacity represents only another way of pleading an action against the entity that employs the defendant.  *Kentucky v. Graham*, 473 U.S. at 165.  That is, the real party in interest is not the named defendant, but the entity that employs the defendant.  *Id.*  To bring a claim against an individual in his official capacity, a plaintiff must show the constitutional deprivation resulted from the entity's policy, custom, or practice.  *Id.*; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Although Plaintiff has named Defendants in their individual and official capacities, Plaintiff's allegations fail to plausibly show any policy, practice, or custom of any entity has resulted in his alleged injuries.  Accordingly, the Court will construe Plaintiff's claims as directed against Defendants in their *individual* capacities only and will evaluate them accordingly.

"It has long been understood that 'the Due Process Clause applies to the deprivation of a driver's license by the State.'"  *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1225 (9th Cir. 2021) (quoting *Dixon v. Love*, 431 U.S. 105, 112 (1977)).  However, the "Due

Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy. *Id.* at 534-35.

Plaintiff alleges Defendants violated his due process rights by violating Arizona statutes requiring them to properly determine whether he was disqualified from driving a commercial vehicle and provide him with notice and an opportunity to be heard. These actions were either negligent or unauthorized and intentional. *Cf. Miranda*, 15 F.4th at 1226 (concluding officer allegedly lying at an administrative hearing contesting a driver's license suspension was "conduct [that] can only be described as 'unauthorized' under *Hudson*."). However, Plaintiff has an adequate post-deprivation remedy; he can bring state law claims against Defendants. *See id.* at 1227. Indeed, Plaintiff is doing so in this action. Thus, the Court will dismiss without prejudice the due process claims against Defendants John Doe 1 and 2.

### B.    State Law Claims

The Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claims because Plaintiff's federal claims have been dismissed. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice). Thus, the Court will dismiss without prejudice Plaintiff's state-law claims.

. . . .

## V.    Leave to Amend

Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI.    Warnings

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies

identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### C.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's letter (Doc. 12) seeking the status of this action is **granted** to the extent this letter provides Plaintiff with information regarding the status of this action.

(2)    The First Amended Complaint (Doc. 11) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3)    If Plaintiff fails to file a second amended complaint within **30 days**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(4)    Within **60 days** from the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs.

(5)    If Plaintiff fails to either pay the balance of the filing fee **or** file a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs within

**60 days**, the Clerk of Court must enter a judgment of dismissal of this action without prejudice.

(6)    The Clerk of Court must mail Plaintiff the court-approved form for filing a civil rights complaint by a prisoner **and** the court-approved non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs form.

Dated this 21st day of August, 2025.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $405.00 ($350.00 filing fee plus $55.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $405 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 11/6/24

Phoenix & Prescott Divisions:    **OR**    Tucson Division:
U.S. District Court Clerk                  U.S. District Court Clerk
U.S. Courthouse, Suite 130                U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10        405 West Congress Street
Phoenix, Arizona  85003-2119             Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

          I hereby certify that a copy of the foregoing document was mailed
          this _____ (month, day, year) to:
          Name:    _____
          Address:_____
                         Attorney for Defendant(s)

          _____
          (Signature)

9.  <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
       ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
       ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
       ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 12/1/23                                  1                              **550/555**

## B. DEFENDANTS

1. Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
(Position and Title)                                          (Institution)

2. Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
(Position and Title)                                          (Institution)

3. Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
(Position and Title)                                          (Institution)

4. Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
(Position and Title)                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?         ☐ Yes        ☐ No

2. If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a. First prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    b. Second prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    c. Third prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities            ☐ Mail                ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings     ☐ Property            ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.  **Administrative Remedies:**
   a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes      ☐ No
   b.  Did you submit a request for administrative relief on Count I?             ☐ Yes      ☐ No
   c.  Did you appeal your request for relief on Count I to the highest level?    ☐ Yes      ☐ No
   d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities        ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings    ☐ Property       ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                  ☐ Yes      ☐ No
    b.    Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
    c.    Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   _____
        _____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.

☐ Basic necessities        ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes        ☐ No

b.   Did you submit a request for administrative relief on Count III?        ☐ Yes        ☐ No

c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes        ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____

_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                           DATE                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

AO 239  (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| _____ | ) |
| *Plaintiff/Petitioner* | ) |
| v. | )     Civil Action No. _____ |
| _____ | ) |
| *Defendant/Respondent* | ) |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Long Form)

**Affidavit in Support of the Application**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.  I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

Signed:  _____

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date:  _____

1.  For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly income amount during the past 12 months | | Income amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property *(such as rental income)* | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |

AO 239  (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | | | |
|---|---|---|---|---|
| Retirement *(such as social security, pensions, annuities, insurance)* | $ | $ | $ | $ |
| Disability *(such as social security, insurance payments)* | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance *(such as welfare)* | $ | $ | $ | $ |
| Other *(specify)*: | $ | $ | $ | $ |
| **Total monthly income:** | $          **0.00** | $          **0.00** | $          **0.00** | $          **0.00** |

2.    List your employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |

3.    List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4.    How much cash do you and your spouse have? $  _____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.  If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

AO 239  (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

5.    List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Assets owned by you or your spouse | |
|---|---|
| Home *(Value)* | $ |
| Other real estate *(Value)* | $ |
| Motor vehicle *#1 (Value)* | $ |
| Make and year: | |
| Model: | |
| Registration #: | |
| Motor vehicle *#2 (Value)* | $ |
| Make and year: | |
| Model: | |
| Registration #: | |
| Other assets *(Value)* | $ |
| Other assets *(Value)* | $ |

6.    State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |

7.    State the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

AO 239  (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

8.    Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | **You** | **Your spouse** |
|---|---|---|
| Rent or home-mortgage payment *(including lot rented for mobile home)*<br>     Are real estate taxes included?    ❏ Yes   ❏ No<br>     Is property insurance included?  ❏ Yes   ❏ No | $ | $ |
| Utilities *(electricity, heating fuel, water, sewer, and telephone)* | $ | $ |
| Home maintenance *(repairs and upkeep)* | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation *(not including motor vehicle payments)* | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance *(not deducted from wages or included in mortgage payments)* | | |
|     Homeowner's or renter's: | $ | $ |
|     Life: | $ | $ |
|     Health: | $ | $ |
|     Motor vehicle: | $ | $ |
|     Other: | $ | $ |
| Taxes *(not deducted from wages or included in mortgage payments) (specify)*: | $ | $ |
| Installment payments | | |
|     Motor vehicle: | $ | $ |
|     Credit card *(name)*: | $ | $ |
|     Department store *(name)*: | $ | $ |
|     Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |

AO 239  (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | |
|---|---|---|
| Regular expenses for operation of business, profession, or farm *(attach detailed statement)* | $ | $ |
| Other *(specify)*: | $ | $ |
| **Total monthly expenses:** | $                    0.00 | $                    0.00 |

9.      Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

❐ Yes         ❐ No         If yes, describe on an attached sheet.

10.     Have you spent — or will you be spending — any money for expenses or attorney fees in conjunction with this lawsuit?      ❐ Yes    ❐ No

If yes, how much?    $ _____

11.     Provide any other information that will help explain why you cannot pay the costs of these proceedings.

12.     Identify the city and state of your legal residence.

Your daytime phone number: _____

Your age: _____     Your years of schooling: _____