MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Johann Alexander Bass,

Plaintiff,

v.

Arizona Motor Vehicle Division, et al.,

Defendants.

No.    CV-24-02380-PHX-JAT (JFM)

**ORDER**

Self-represented Plaintiff Johann Alexander Bass, who is proceeding in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983, was confined in the Greene Correctional Facility in Coxsackie, New York, when he filed this action, but has since been released.  In a January 29, 2025 Order, the Court, among other things, dismissed Plaintiff's Complaint because he had failed to state a claim and gave him an opportunity to file an amended complaint curing the deficiencies the Court identified.

Plaintiff filed a First Amended Complaint, which the Court dismissed because Plaintiff again failed to state a claim.  The Court gave Plaintiff an opportunity to file a second amended complaint curing the deficiencies identified in the Order and either pay the balance of the filing fee or file a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs.

Subsequently, Plaintiff filed a Second Amended Complaint (Doc. 16), an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 17), and a Request for Service (Doc. 18).  The Court will grant the Application to Proceed, waive the

balance of the filing fee, dismiss the Second Amended Complaint and this action, and deny as moot the Request for Service.

## I.       Application to Proceed

In his Application to Proceed, Plaintiff indicates he has insufficient funds to pay the balance of the filing fee.  The Court, in its discretion, will grant Plaintiff's Application to Proceed and waive the remaining balance of the filing fee.

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

## III.    Second Amended Complaint

In his Second Amended Complaint,[1] Plaintiff sues two individuals employed by the Arizona Motor Vehicle Division (MVD): Legal Compliance Agent John Doe 1 and Agent John Doe 2 in their individual and official capacities. Plaintiff seeks monetary damages; his filing fees, attorney's fees, and court costs; and an order directing Defendants to "remove the crime" from Plaintiff's motor vehicle record.

Plaintiff makes the following allegations. After being stopped by the South Dakota Highway Patrol while driving a semi-truck in May 2021, Plaintiff was convicted of having drug metabolites in his system. As a result, the South Dakota Department of Public Safety sent the MVD a "Notice of Withdrawal and an Abstract of Operating Record" stating that Plaintiff "used a motor vehicle to commit a felony."

MVD sent Plaintiff a "Corrective Action Notice" informing him that his Commercial Driver's License (CDL) "was being withdrawn for using a vehicle to commit a felony." According to Plaintiff, the "facts and circumstances" of his South Dakota conviction, if committed in Arizona, do not constitute a felony and do not require withdrawal of his CDL because, in Arizona, it is a class-one misdemeanor to drive a commercial motor vehicle with metabolites in one's blood when not under the influence.[2]

---

[1] Plaintiff's Second Amended Complaint contains improperly capitalized words and misplaced or omitted punctuation. The Court, when quoting the Second Amended Complaint, has corrected these without specifically noting them.

[2] Plaintiff alleges a blood draw indicated he was not "high on drugs, drunk or

Plaintiff requested a hearing to contest the withdrawal and received a document that dismissed his request for an administrative hearing because the offense occurred in another jurisdiction.  Plaintiff called MVD regarding the dismissal and was told MVD "couldn't help him."

In **Count One**, Plaintiff alleges Defendant John Doe 1 is responsible for complying with Arizona legal standards and was required to "compare the elements of the South Dakota conviction to Arizona law when making a determination to withdraw Plaintiff's CDL" to "ensure[] that the out-of-state convictions constitute[] grounds for the withdraw[al] if committed in Arizona."  He contends Defendant John Doe 1 violated his Fourteenth Amendment right to due process by failing to make the comparison before withdrawing Plaintiff's CDL.  Plaintiff asserts this was "not a random and unauthorized act" because Arizona delegated to Defendant John Doe 1 "the authority to deprive Plaintiff of his CDL and the concomitant duty to initiate the comparison of the statutory elements as a procedural safeguard to guard against unlawful deprivations of driver's licenses and CDLs."

In **Count Two**, Plaintiff alleges Defendant John Doe 2 violated his Fourteenth Amendment due process rights by not providing a post-deprivation administrative hearing to contest the withdrawal of his CDL.  He contends Arizona statutorily provides a post-deprivation process.  Plaintiff asserts the "deprivation of his CDL without a post-deprivation hearing was not a random and unauthorized act" because Arizona delegated to Defendant John Doe 2 "the authority to conduct . . . required post-deprivation hearings . . . to contest the withdrawal of Plaintiff's CDL" as a "procedural safeguard to guard against unlawful deprivations of driver's licenses and CDLs."  He claims that once Plaintiff requested the hearing, Defendant John Doe 2 "had no discretion to deny the administrative hearing provided by Arizona law."

. . . .

. . . .

---

otherwise impaired at the time of his arrest."

1    **IV.     Failure to State a Claim**

2          A claim against an individual in his or her official capacity is "only another way of

3    pleading an action against an entity of which an officer is an agent."  *Monell v. Dep't of*

4    *Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).  "[A] suit against a state official in his or her

5    official capacity is not a suit against the official but rather is a suit against the official's

6    office.  As such, it is no different from a suit against the State itself."  *Will v. Mich. Dep't*

7    *of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).

8          **A.     Official Capacity Claims**

9          Plaintiff cannot maintain a lawsuit for damages against MVD employees in their

10   official capacities.  *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for

11   damages in their official capacity are not 'persons' for purposes of the suit because they

12   assume the identity of the government that employs them."); *see also Gilbreath v. Cutter*

13   *Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A] state is not a 'person' for

14   purposes of section 1983.  Likewise[,] 'arms of the State' . . . are not 'persons' under section

15   1983.") (citation omitted).

16         Plaintiff may maintain a lawsuit against MVD employees in their official capacity

17   for prospective declaratory and injunctive relief.  *Coal. to Defend Affirmative Action v.*

18   *Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012).  Plaintiff is seeking prospective injunctive

19   relief, but he is not entitled to the injunctive relief he seeks—"an order directing the

20   defendants to remove the crime from Plaintiff's motor vehicle record."  *See Miranda v.*

21   *City of Casa Grande*, 15 F.4th 1219, 1227 (9th Cir. 2021) ("'A violation of procedural

22   rights requires only a procedural correction, not the reinstatement of a substantive right

23   . . . .'" (quoting *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991))).

24         Even if Plaintiff was entitled to the prospective injunctive relief he seeks, he has

25   failed to state an official capacity claim.  "[I]n an official-capacity suit the entity's 'policy

26   or custom' must have played a part in the violation of federal law."  *Kentucky v. Graham*,

27   473 U.S. 159, 166 (1985); *see also Los Angeles County v. Humphries*, 562 U.S. 29, 39

28   (2010) (the "'policy or custom' requirement [in *Monell*] applies in § 1983 cases

irrespective of whether the relief sought is monetary or prospective.").  A plaintiff must allege, as a matter of law, that the policy or custom caused him to suffer constitutional injury.  *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006).  Plaintiff's allegations fail to plausibly show any policy, practice, or custom of any entity resulted in his alleged injuries.  Thus, the Court will dismiss Plaintiff's official capacity claims.

### B.    Individual Capacity Claims

"It has long been understood that 'the Due Process Clause applies to the deprivation of a driver's license by the State.'"  *Miranda*, 15 F.4th at 1225 (quoting *Dixon v. Love*, 431 U.S. 105, 112 (1977)).  However, the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy.  *Id.* at 534-35.

Plaintiff alleges Defendants violated his due process rights by violating statutory requirements to properly determine whether he was disqualified from driving a commercial vehicle and provide him with an opportunity to be heard.  Their actions were either negligent or unauthorized and intentional.  *Cf. Miranda*, 15 F.4th at 1226-27 (concluding an officer allegedly lying at an administrative hearing contesting a driver's license suspension was "conduct [that] can only be described as 'unauthorized' under *Hudson*" and "the conclusion that [the officer's] conduct was unauthorized is, if anything, stronger here than in *Hudson* itself because [the officer] engaged in alleged wrongdoing notwithstanding the fact that Arizona had put in place various pre-deprivation safeguards for driver's license suspensions—procedures whose adequacy [the plaintiff] does not challenge here").  And Plaintiff has an adequate post-deprivation remedy; he can bring

state law claims against Defendants.  *See id.* at 1227.[3]  The Court will dismiss Plaintiff's individual capacity claims.

**V.    Dismissal without Leave to Amend**

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint.  The Court finds further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs (Doc. 17) is **granted**.  The remaining balance of the filing fee is **waived**.

(2)    The Second Amended Complaint (Doc. 16) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(3)    Plaintiff's Request for Service (Doc. 18) is **denied as moot**.

. . . .

. . . .

. . . .

. . . .

---

[3] Plaintiff raised state law claims against Defendants in his original and First Amended Complaints, the Court dismissed them without prejudice, and Plaintiff did not replead them in his Second Amended Complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (claims raised in a prior complaint and voluntarily dismissed or dismissed without prejudice are waived if not alleged in an amended complaint).

(4)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 13th day of January, 2026.

James A. Teilborg
Senior United States District Judge